**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| In re: | Bankruptcy Case No. 22-10306-amc |
| Caroline Belt | Chapter 13 |
|         Debtor | |
|  | Judge: Ashely M. Chan |
| Rushmore Loan Management Services, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V | |
|         Movant | |
| Caroline Belt | |
| Kenneth E. West- Trustee | |
|         Respondents | |

**NOTICE OF DEBTOR'S REQUEST FOR DEFERMENT**

Rushmore Loan Management Services, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, hereby provides notice that Creditor and Debtor have entered into a deferral agreement. The deferral agreement relates to the loan ending in 1390, hereinafter "Loan", which is secured by the real property located at 2158 Green Ridge Dr, Warrington, PA 18976. Under the deferral agreement, payments due under the loan are deferred beginning with the payment due on February 1, 2022, through and including the payment due October 1, 2022 (the "Forbearance Arrears").

This Notice does not constitute an amendment or modification to the Debtor's plan of reorganization, and does not relieve the Debtor of the responsibility to amend or modify the plan of reorganization to reflect the deferral agreement, if required.

Creditor, at this time, does not waive any rights to collect the payments that come due during the forbearance period. If the Debtor wishes to modify or extend the length of the forbearance period, the Debtor must contact Creditor's counsel.

The Debtor shall resume monthly mortgage payments on November 1, 2022 and are required to cure the total Forbearance Arrears. To cure the Forbearance Arrears, Creditor and Debtor shall negotiate an agreement to cure the Forbearance Arrears and said agreement shall be submitted to the Court for approval. If Debtor fails to enter into an agreement to cure the Forbearance Arrears, Creditor reserves its rights to seek relief from the automatic stay upon expiration of the forbearance period.

Dated: September 29, 2022

    Respectfully submitted,
    FRIEDMAN VARTOLO, LLP.

    By: /s/ Lauren M. Moyer
    Lauren M. Moyer, Esquire
    FRIEDMAN VARTOLO LLP
    Attorneys for Movant
    1325 Franklin Avenue, Suite 160
    Garden City, New York 11530
    T: (212) 471-5100
    F: (212) 471-5150
    Bankruptcy@FriedmanVartolo.com